FILED

6/24/2025

Clerk, U.S. District Court
District of Montana
Billings Division

KATIE BOSTROM (14084)
**FISHER & PHILIPS LLP**
1125 17th Street, Suite 2400
Denver CO, 80202
Tele: (303) 218-3650
Fax: (303) 218-3651
kbostrom@fisherphillips.com

***Counsel for Defendant***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **LEO CONNER,**<br><br>Plaintiff,<br><br>vs.<br><br>**WESTMORELAND ROSEBUD MINING, LLC,**<br><br>Defendant. | Cause No.: ~~DV-24-48~~<br><br>**CV-25-81-BLG-TJC**<br><br>**NOTICE OF REMOVAL** |

1. Westmoreland Rosebud Mining, LLC ("Defendant" or "Westmoreland Rosebud Mining"), hereby notifies the Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), of the removal of the action styled Leo Conner v. Westmoreland Rosebud Mining, LLC, Cause No. DV 24-48, filed in the Montana Sixteenth Judicial District Court, Rosebud County, Montana (the "State Court Action"). Westmoreland Rosebud Mining removes this case on the basis of the Court's original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, 28 U.S.C.§ 1332(a)(1) and states as follows:

2. Plaintiff Leo Conner ("Conner") initiated the State Court Action when he filed his Complaint and Demand for Jury Trial on or about September 9, 2024 (the "Complaint") in Montana's Sixteenth Judicial District Court, Rosebud County, Montana. A true and correct copy

of the Summons and Complaint served on Westmoreland Rosebud Mining are attached hereto as **Exhibit A**.[1]

3. This case stems from Conner's employment with Westmoreland Rosebud Mining. *Complaint*, at ¶¶1-2.

4. Westmoreland Rosebud Mining was served the Summons and Complaint on June 6, 2025.

5. This removal of the State Court Action is timely because it is filed within thirty days of Westmoreland Rosebud Mining's receipt of the Summons and Complaint filed in the State Court Action. *See* 28 U.S.C. § 1446.

6. The State Court Action is a civil action over which this Court possesses original jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it appears by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties are citizens of different states.

7. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

8. Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The jurisdictional amount-in-controversy requirement is merely an estimate of the total amount a plaintiff could recover or that a defendant could lose. *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019). As such, the amount in controversy reflects the maximum amount the plaintiff could reasonably recover. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

9. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A

[1] Defendant notes that it received only page one of Plaintiff's four-page Complaint when it was served on June 6, 2025. Defendant's counsel conferred with counsel for Plaintiff to receive a complete copy of the Complaint and is attaching the complete copy of the Complaint to this Notice but includes the incomplete Complaint served as **Exhibit B-1** hereto.

defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id*. at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

10. In the Complaint, Conners seeks an unspecified amount of damages, including all damages recoverable under "Montana law," as well as all recoverable interests, costs, and other relief authorized under the Wrongful Discharge from Employment Act ("WDEA"), Mont. Code Ann. § 39-2-901 *et seq*. *Complaint*, ⁋⁋ 19, 22; p. 4.

11. Westmoreland Rosebud Mining has a good faith basis to believe the amount in controversy exceeds $75,000,[2] exclusive of interest and costs, based on Conner's Complaint and the damages Conner claims.

12. Conner alleges his damages include lost wages and interest on lost wages. *Complaint*, ⁋22. As a remedy, the Montana WDEA authorizes lost wages and interest on lost wages, among others, for a period not to exceed four (4) years. Mont. Code Ann. § 39-2-905(a). Conner's last rate of pay while employed was approximately, $79,768, per year and Conner was separated from employment on or about September 11, 2023. In addition, the Complaint also indicates Conner seeks fringe benefits and interest on fringe benefits, all recoverable interest and costs alleged to be incurred therein and as allowable by law, among other relief.

13. On this basis, Westmoreland Rosebud Mining believes in good faith that the amount in controversy requirement is satisfied pursuant to 28 U.S.C. § 1332.

14. Complete diversity of citizenship exists in this action.

15. Conners is a citizen of the State of Montana. *Complaint*, ⁋ 2.

[2] Westmoreland Rosebud Mining does not concede or waive its right to contest Plaintiff's alleged damages.

16. Westmoreland Rosebud Mining is a corporation organized under the laws of the state of Delaware, and its principal place of business is in the State of Colorado. *See Declaration Jeremy Cottrell*, attached hereto as **Exhibit B**.

17. Despite the assertion to the contrary in the Complaint, Westmoreland Rosebud Mining is not a citizen of the State of Montana.

18. Thus, as between Conner and Westmoreland Rosebud Mining, there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1),(c)(1).

19. Accordingly, this case is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

20. True and correct copies of all process, pleadings, and orders that have been served or filed in the State Court Action of which Westmoreland Rosebud Mining is aware, with a copy of the docket sheet, are attached as **Exhibit C**.

21. This action may be removed to the United States District Court for the District of Montana, Billings Division because the State Court Action is pending in the Montana Sixteenth Judicial District, Rosebud County, Montana, which is within the Billings Division of the United States District Court for the District of Montana. 28 U.S.C. §§ 106, 1446(a).

22. Westmoreland Rosebud Mining will give written notice of the filing of this Notice to all parties and will file a copy of this Notice with the Clerk of the state court pursuant to 28 U.S.C. § 1446(d).

23. Westmoreland Rosebud Mining has complied with the requirements of 28 U.S.C. § 1446, Fed. R. Civ. P. 81(c), and D. Mont. L. R. 3.3(a).

24. Westmoreland Rosebud Mining removes the State Court Action to this Court, and requests that the Court issue any orders necessary to stay proceedings in the State Court Action and assume jurisdiction over this action for all purposes.

WHEREFORE, Westmoreland Rosebud Mining, LLC seeks the following relief: 1) removal of the State Court Action to the United States District Court for the District of Montana, Billings Division; 2) that this Court assume jurisdiction over this action for all purposes; and 3) that this Court enter any and all such further orders as may be necessary and proper for this action.

DATED this 24th day of June 2025.

*s/Katie Bostrom*

KATIE BOSTROM (14084)
**FISHER &PHILIPS LLP**
1125 17th Street, Suite 2400
Denver CO, 80202
Tele: (303) 218-3650
Fax: (303) 218-3651
kbostrom@fisherphillips.com

***Counsel for Defendant***
***Westmoreland Rosebud Mining, LLC***

## CERTIFICATE OF SERVICE

I, Katie Bostrom, hereby certify that on the 24th day of June 2025, a true and exact copy of the foregoing was served by filing it with the Court's electronic filing system and sent via email, U.S. Certified Mail, and/or facsimile to:

Colin Gerstner
GERSTNER ADAM LAW PLLC
2828 1st Avenue South
Billings, Montana 59101
Tel: (406) 969-3100
colin@gerstneradmalaw.com

*Counsel for Plaintiff*
*Leo Conner*

Clerk of Court
Montana Sixteenth District Court,
Rosebud County
1200 Main Street, PO BOX 48
Forsyth, Montana 59327
Tel: (406) 346-7322
Fax: (406) 346-2719

*s/Katie Bostrom*
Katie Bostrom
For **FISHER & PHILLIPS LLP**